Determination of respondent Commissioner of Health, dated September 25, 2007, directing petitioner, a residential health care facility, to return $1,235 million of Medicaid overpayments it had reported as incurred during its base year as a premium for its participation in a welfare benefit plan to provide life insurance to its employees, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [George Salerno, J.], entered on or about June 5, 2008), dismissed, without costs.
The only document executed by petitioner during its base year relative to its claimed expenditure of $1,235 million for the provision of life insurance to its employees, the adoption agreement, provides that if an employee died before a policy had been purchased, any life insurance benefit payable with respect to such employee by the welfare benefit plan would be limited to the premium that had been paid to the plan’s trustee for the purpose of purchasing such life insurance. It is undisputed that petitioner paid no premiums to the plan during the base year. While petitioner did pay the full premium within two months of *422 the base year’s conclusion, nothing in the adoption agreement required it to do so, and additional evidence, including the summary plan descriptions, which petitioner states were distributed to its employees, provides ample further support for respondent’s finding that petitioner’s payment of the premium after the base period was not a legal obligation incurred during the base period but instead was optional. There being substantial evidence for the finding that the claimed expense was neither actually made nor legally incurred during the base year, we confirm the determination to disallow it (see 18 NYCRR 504.8 [a] [1]). Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.